**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR EDWARD EZOR,<br><br>          Plaintiff-Appellant,<br><br>     v.<br><br>MAUREEN DUFFY-LEWIS; DOES, 1<br>through 10, inclusive,<br><br>          Defendants-Appellees. | No. 20-55706<br><br>D.C. No. 2:19-cv-09804-JVS-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Arthur Edward Ezor appeals pro se from the district court's order dismissing

his 42 U.S.C. § 1983 action against the judge presiding over his California state

court action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2010). We affirm.

The district court properly dismissed Ezor's action on the basis of Eleventh Amendment and judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and its limited exceptions); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (discussing Eleventh Amendment immunity).

The district court did not abuse its discretion in dismissing Ezor's complaint without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Ezor's motion to recuse District Judge Selna and Magistrate Judge Rosenberg because Ezor failed to demonstrate that a reasonable person would believe that either judges' impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**